WILL OF RATKOWSKI: RATKOWSKI, Appellant, vs. RATKOWSKI and others, Respondents.

*January 11—February 7, 1950.*

*Florian W. Kern* of Milwaukee, for the appellant.

For the respondents there was a brief by *Gold & McCann,* and oral argument by *Richard A. McDermott,* all of Milwaukee.

Hughes, J. The court's findings contain the elements necessary to establish undue influence. *Will of Raasch* (1939), 230 Wis. 548, 284 N. W. 571. If the evidence supports the findings, the judgment must be affirmed.

The record discloses that Pelagia Ratkowski and her husband lived with her son, Steve, from 1922 to 1926. In 1926 Pelagia's husband died. She continued to live with Steve until 1928 at which time Frank prevailed upon her to go to his home to care for his ailing wife and three small children. Frank's first wife died. Shortly thereafter he married his present wife, Regina.

During the years of Pelagia Ratkowski's life in Frank's home she was accompanied by Frank or Regina, or both, whenever she left the home, and whenever any of the other children came to visit their mother at Frank's home he or Regina visited with them. They testified that never were they permitted to be alone with their mother.

Pelagia Ratkowski owned a mortgage on a theater, title to which she had acquired at sheriff's sale. In January, 1946, she realized approximately $18,000 from the sale of this property. All of this money was taken by Frank and invested in bonds in the names of himself and Regina. He at first testified that this was because he had advanced money to his mother; later he claimed that some of it was for room and board.

Frank or Regina, or both, accompanied the mother to the attorney's office at any time that she had business to transact, and when the will was executed Frank drove his mother and Regina to the building and waited in the car while they went up to the office. Regina waited in the outer office.

Mrs. Ratkowski had a limited knowledge of the English language and probably could not read English at all. One of the witnesses to the execution of the will testified that the will was not read to Mrs. Ratkowski in her presence, but that she was asked if it was her last will and "is this the way you want it," and that to all questions put to her she merely answered "Yes."

No purpose would be served by recital of more of the detailed evidence. The testimony viewed in its entirety amply supports the trial court's conclusions.

*By the Court.*—Judgment affirmed.